**Seth Ervin DUNNING, Plaintiff–Appellant,**

v.

**James M. YUETTER, et al., Defendants–Appellees.**

No. 00–2123.

United States Court of Appeals, Sixth Circuit.

May 11, 2001.

Before KENNEDY and DAUGHTREY, Circuit Judges; MCKEAGUE, District Judge.*

### ORDER

Seth Ervin Dunning, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Dunning alleges in his complaint that he was arrested in 1984 and that the defendants, who are prosecutors, law enforcement officials, defense attorneys, and court clerks, are responsible for depriving him of his liberty for the last sixteen years. Dunning sued the defendants in their individual and official capacities for declaratory and monetary relief. The district court dismissed the complaint as frivolous and

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). On appeal, Dunning has filed a motion for miscellaneous relief.

This court reviews de novo a district court judgment dismissing a complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e). *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A complaint may be dismissed as frivolous if the claims lack an arguable or rational basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). In determining whether a complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *See Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir. 1998).

Dunning asserts that he is being illegally held due to numerous constitutional violations. Thus, Dunning is challenging the validity of his confinement. A state prisoner does not have a cognizable claim under § 1983 if a ruling on his claim would necessarily render his sentence or conviction invalid. A prisoner must establish that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been questioned by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254 in order to have a viable § 1983 claim. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Furthermore, the claim is not cognizable and must be dismissed whether the plaintiff seeks to obtain monetary damages or to attack the validity of his confinement. *Id.; see also Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (habeas corpus proceeding, not § 1983, is appropriate remedy for a state prisoner to attack the validity of the fact or length of his sentence). As Dunning's confinement has not been remedied by any of the aforementioned procedures, his allegations are not cognizable under § 1983 and the district court did not err by dismissing the complaint.

Dismissal of Dunning's complaint pursuant to 28 U.S.C. § 1915(e)(2) was proper for additional reasons. First, defendants Frank C. Riley, Nathan T. Fairchild, and Irving C. Shaw, Jr., apparently prosecuted Dunning, and prosecutors enjoy absolute immunity from damages liability for acts performed as advocates of the State. *See Kalina v. Fletcher,* 522 U.S. 118, 131, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *Burns v. Reed,* 500 U.S. 478, 495, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Cooper v. Parrish,* 203 F.3d 937, 947 (6th Cir.), *cert. denied,* 531 U.S. 877, 121 S.Ct. 185, 148 L.Ed.2d 128 (2000).

Second, defendants Henry A. Crudder, III, James R. Neuhard, Norris J. Thomas, Jr., and Herb Jordan are defense attorneys who allegedly represented Dunning at trial and on appeal. As defense attorneys, they did not act "under color of state law" for purposes of § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 318–19, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

Finally, Dunning's allegations of conspiracy under § 1985(3) are meritless because Dunning has not alleged that the defendants were motivated by a racial or ethnic animus. *See Smith v. Thornburg,* 136

F.3d 1070, 1078 (6th Cir.1998). Dunning's claim under § 1986 for aiding and abetting violations of § 1985 is also meritless because his claims under § 1985(3) lack merit. *See Browder v. Tipton,* 630 F.2d 1149, 1155 (6th Cir.1980).

Accordingly, the motion for miscellaneous relief is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.